UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED BARELA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>    Defendants. | Case No. 2:23-cv-02425-FLA (MAAx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DKT. 11] AND SETTING ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION** |

## **RULING**

Before the court is Plaintiffs Alfred Barela and Maria Barela's ("Plaintiffs") Motion to Remand (the "Motion"). Dkt. 11 ("Mot."). Defendant Ford Motor Company ("Defendant") opposes the Motion. Dkt. 12 ("Opp'n").

On May 23, 2023, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for May 26, 2023. Dkt. 14; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court DENIES the Motion and ORDERS the parties to SHOW CAUSE why this action should not be remanded for lack of subject matter jurisdiction.

## **BACKGROUND**

On February 8, 2023, Plaintiffs filed this action in the Los Angeles County Superior Court alleging claims arising under the California Song-Beverly Consumer Warranty Act against Defendant. Dkt. 1-2 ("Compl."). Plaintiffs' claims arise from their purchase of a 2021 Ford F-150. *Id.* at 12.

On March 31, 2023, Defendant filed a Notice of Removal to this court. Dkt. 1 ("NoR"). In its Notice of Removal, Defendant stated it was served the Complaint on February 10, 2023, but did not receive a copy of the Retail Installment Sale Contract ("RISC") until March 1, 2023. *Id.* at 2. Defendant argues this court has subject matter jurisdiction under 28 U.S.C. § 1441(b). *Id.* at 3.

Plaintiffs filed the instant Motion on April 28, 2023. Mot. Plaintiffs argue Defendant's Notice of Removal is procedurally defective under 28 U.S.C. §§ 1446 and 1447(c) because Defendant did not remove the action within thirty days of service of the Complaint. *Id.* at 3. Plaintiffs do not dispute Defendant's allegations pertaining to the amount in controversy. *Id.*

Defendant filed its Opposition on May 5, 2023. Opp'n. While Defendant concedes it did not remove the action within thirty days of service of the Complaint, Defendant argues the action was not properly removable until it received the RISC,

1

thus triggering a new thirty-day period upon the document's receipt. *See id.* at 4–6.

I.   **Procedural Defectiveness**

28 U.S.C. § 1446(b)(1) ("Section 1446(b)(1)") states a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant[.]" The thirty-day requirement is not without exception. "[I]f the case stated by the initial pleading is not removable," a defendant may file a notice of removal within thirty days of receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

Plaintiffs assert Defendant filed its Notice of Removal forty-nine days after receipt of the Complaint, in violation of Section 1446(b)(1). Mot. at 4, 6. Plaintiffs also argue 28 U.S.C. § 1446(b)(3) ("Section 1446(b)(3)") does not apply here, because, in essence, the removability of the action was ascertainable upon service of the Complaint. *Id.* at 7–10.

Defendant responds the RISC qualifies as an "other paper" sufficient to trigger a new thirty-day deadline under Section 1446(b)(3) because the Complaint does not specify a purchase price and, therefore, is "indeterminate" with respect to the amount of damages Plaintiff seeks. Opp'n at 5, 7.

The court agrees with Defendant that the action was not properly removable on the date Defendant was served, as the Complaint by itself does not confer subject matter jurisdiction upon this court. Defendant's Notice of Removal, therefore, is timely filed. The court, however, is not convinced it has subject matter jurisdiction even when considering both the Complaint and Notice of Removal.

II.  **Subject Matter Jurisdiction**

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. Courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See*

*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88–89. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The court has reviewed the Notice of Removal and is presently unable to conclude it has subject matter jurisdiction under 28 U.S.C. § 1332(a). In particular, and without limitation, the court finds that the allegations in the Notice of Removal do not demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.

The parties are ORDERED TO SHOW CAUSE, in writing only, within fourteen (14) days from the date of this Order, why this action should not be remanded for lack of subject matter jurisdiction because the amount in controversy does not exceed the jurisdictional threshold. The parties are encouraged to submit evidence and/or judicially noticeable facts in response to the court's Order. Responses shall be limited to ten (10) pages in length. The parties should consider this Order to be a two-pronged inquiry into the facial and factual sufficiency of Defendant's demonstration of jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014).

As Defendant is the party asserting federal jurisdiction, Defendant's failure to respond timely and adequately to this Order shall result in remand of the action without further notice.

IT IS SO ORDERED.

Dated: August 8, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge

4